TENNESSEE COMBS and others *v.* WILLIAM DODD.

Decision in case of *Thompson* v. *Schlatre*, 13 La. 115, affirmed.

Where the proclamation of the President, offering a portion of the public lands of the United States for sale, is produced together with patents to a purchaser at such sale, the court will not look beyond them to ascertain whether the lands had been regularly surveyed.

APPEAL from the District Court of Iberville, *Deblieux*, J.

*Robertson* and *Talbot* for the plaintiffs.

*Labauve*, for the appellant.

BULLARD, J.   The plaintiffs, who are the widow and heirs of George Sharp, assert title to a tract of land purchased by their ancestor from the government of the United States, in the rear of the plantations now owned by Joseph Schlatre and Michel Schlatre, being sections 51 and 61, in Township 9, Range 12 east, in the South Eastern District of Louisiana.   They complain that the defendant, William Dodd, has committed trespass thereon, and pray for damages.   The defendant, on the other hand, claims to be the owner of the *locus in quo*, by purchase, as a double concession.   There was a verdict for the plaintiff for the land, and for $180 damages, which being sanctioned by the judgment of the court the defendant appealed.

The tract of land on which the alleged trespass was committed, is the same which was in controversy in the case of *Thompson* v. *Schlatre*, 13 La. 115.   All the facts attending the purchase by Sharp are detailed in the report of the case, and the court there held that Sharp, having made the first purchase from the United States, acquired the best title.

It is now urged by the appellant, that Sharp could not acquire any title to the land, because the same not having been regularly surveyed was not offered at public sale, and, consequently not subject to private entry.   To this it is enough to say, that the

proclamation of the President is shown, together with patents to Sharp as a purchaser, and we do not consider ourselves authorized to look beyond them, in order to inquire whether the lines subdividing the sections into quarters were in fact run out and marked upon the plots. The question of title was decided in the case above alluded to, according to our present views and understanding of the rights of the parties.

*Judgment affirmed.*